**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| DEBORAH MARIE WALTON,          )<br>                                                          )<br>                      Plaintiff,          )<br>      vs.                                           )      No. 1:05-cv-902-RLY-TAB<br>                                                          )<br>CITY OF CARMEL, et al.,                )<br>                                                          )<br>                      Defendants.     ) | |

**Entry Discussing Pending Motions**

Deborah Walton's federal claims in this lawsuit against the City of Carmel, the Mayor of Carmel and the Claybridge defendants are asserted pursuant to 42 U.S.C. § 1983. "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole,* 112 S. Ct. 1827, 1830 (1992). To state a claim under § 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978).

Walton's complaint is challenged through the defendants' motion to dismiss for failure to state a claim upon which relief can be granted and for judgment on the pleadings. These motions are judged by a common standard–a complaint can only be dismissed for failure to state a claim upon which relief can be granted if the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kolupa v. Roselle Park District,* 438 F.3d 713, 714 (7th Cir. 2006) ("It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate. A full narrative is unnecessary."). "[C]omplaints need not plead facts and need not narrate events that correspond to each aspect of the applicable legal rule." *Id.*

The spirit and letter of notice pleading were reviewed in recent weeks by the Court of Appeals:

> One pleads "claims" (which is to say, grievances) rather than legal theories and factual specifics. *See, e.g., McDonald v. Household International, Inc.,* 425 F.3d 424, 427-28 (7th Cir. 2005); *Bartholet v. Reishauer A.G. (Zurich),* 953 F.2d 1073, 1077-78 (7th Cir. 1992). The Supreme Court drove the point home in *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002), holding that plaintiffs need not allege either the factual or legal "elements" of a *prima facie* case under the employment-discrimination laws. That conclusion is equally applicable to every other federal claim. It is why "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith,* 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). It is also why "[a]ny decision declaring 'this complaint is deficient because it does not allege X' is a candidate for summary reversal, unless X is on the list in Fed.R.Civ.P. 9(b)." *Kolupa v. Roselle Park District,* 438 F.3d 713, 715 (7th Cir. 2006).

*Simpson v. Nickel,* 450 F.3d 303, 305 (7th Cir. 2006).

A party moving to dismiss a case pursuant to Rule 12(b)(6) must show that the pleadings themselves fail to provide a basis for any claim for relief under any set of facts. *Ed Miniat, Inc. v. Globe Life Ins. Group Inc.,* 805 F.2d 732, 733 (7th Cir. 1986). As a practical matter, a dismissal under this rule is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Owner-Operator Indep. Drivers Ass'n v. Mayflower Transit, Inc.,* 161 F.Supp.2d 948, 950-51 (S.D.Ind. 2001) (quoting 5A Charles A. Wright and Arthur R. Miller, Federal Practice & Procedure: Civil § 1357 ).

The arguments advanced by the defendants are unpersuasive, one and all. A complaint does not fail to state a claim simply because some defense is potentially available. *United States v. N. Trust Co.,* 373 F.3d 886, 888 (7th Cir. 2004).

On the basis of the foregoing, the motions to dismiss for failure to state a claim upon which relief can be granted and for judgment on the pleadings are **denied.** The Claybridge defendants' motion to strike is also **denied,** because neither the legal nor the jurisdictional insufficiency of the plaintiff's claims against these defendants has been established through their motion to dismiss. *Crisp v. United States,* 966 F.Supp. 970, 972 (E.D.Ca. 1997)("if consideration of the jurisdictional motion also involves factual issues that address the merits of the complaint, the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law").

**IT IS SO ORDERED.**

Date: 08/11/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Wayne E. Uhl
STEPHENSON MOROW & SEMLER
wuhl@stephlaw.com

Andrew P. Wirick
HUME SMITH GEDDES GREEN & SIMMONS
awirick@humesmith.com

DEBORAH WALTON
12878 Mayfair Lane
Carmel, IN 46032