UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH WALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:05-cv-902- RLY-TAB |
| vs. ) | |
| ) | |
| CITY OF CARMEL, et al., ) | |
| ) | |
| Defendants. | |

**REPORT AND RECOMMENDATION ON PENDING MOTIONS**

**I.    Introduction.**

On October 15, 2007, the Court granted Defendants' motions for summary judgment and issued judgment in favor of Defendants and against Plaintiff. [Docket Nos. 162-63.] Since that time, the parties have filed the following motions: (1) motion for attorney's fees filed by Defendants City of Carmel, James Brainard, and Douglas Hanney ("Carmel Defendants") [Docket No. 165]; (2) motion for attorney's fees filed by Claybridge Homeowners Association, Inc., Elizabeth Van Tassel, Richard Scott, E. Davis Coots, and Robert Foley ("Claybridge Defendants") [Docket No. 167]; (3) Carmel Defendants' motion to require appeal bond [Docket No. 176]; (4) Plaintiff's motion to strike Carmel Defendants' motion for appeal bond [Docket No. 177]; and (5) Plaintiff's motion to correct [Docket No. 179]. These motions are addressed below.

**II.     Discussion.**

    **A.     Attorney's Fees and Bill of Costs.**

After the Court granted summary judgment, Carmel and Claybridge Defendants each filed a bill of costs and also filed separate motions for attorney's fees pursuant to Rule 54(d)(2) and 42 U.S.C. § 1988(b). [Docket Nos. 165, 167.] Plaintiff objects to Defendants' requests for attorney's fees and Carmel Defendants' request for costs for exemplification and copies of papers necessarily obtained for use in the case. [Docket No. 173.]

Generally, attorney's fees are not awarded to the prevailing party. However, in an action to enforce civil rights, such as this case where Plaintiff filed suit pursuant to 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fees as part of costs . . . ." 42 U.S.C. § 1988(b). Under this provision, "a prevailing defendant must demonstrate that the plaintiff brought this action in subjective bad faith, or that 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Bisciglia v. Kenosha Unified Sch. Dist. No. 1*, 45 F.3d 223, 227-28 (7th Cir. 1995) (quoting *Christiansburg Garmet Co. v. EEOC*, 434 U.S. 412, 421 (1978)). A lawsuit is frivolous "if it has no reasonable basis, whether in fact or in law." *Roger Whitmore's Auto. Servs. v. Lake County, Ill.*, 424 F.3d 659, 675 (7th Cir. 2005) (quoting *Tarkowski v. County of Lake*, 775 F.2d 173, 176 (7th Cir. 1985)).

Carmel Defendants contend that Plaintiff's claims were "legally and factually frivolous" as "has been apparent from her complaints, her contentions, and her briefs." [Docket No. 165 ¶ 9 (citations omitted)]. They specifically note that Plaintiff wrote in her cross-motion for summary judgment, "Walton's **PROPERTY** wasn't taken . . . ." [*Id.* (citing Docket No. 153 at

20).] Carmel Defendants also argue that Plaintiff "brought this lawsuit in bad faith, solely for the purpose of harassing the defendants and causing them to incur large amounts of fees and expenses," which they claim is demonstrated by the fact that Plaintiff "noticed depositions on short notice, demanded production of huge amounts of documents, and filed multiple motions to compel discovery," together with "her erratic behavior, refusal to cooperate and frivolous demands." [*Id*. at ¶ 10.] Carmel Defendants also claim that "plaintiff is a serial frivolous litigator, particularly with respect to the wall on her property." [*Id.* at ¶ 12.] In addition to these arguments, Claybridge Defendants point out that Plaintiff "openly stated that 'litigation is cheap.'" [Docket No. 167 at ¶ 5, Ex. C.]

Plaintiff's statement that her "**PROPERTY** wasn't taken" in her cross-motion for summary judgment does not necessarily demonstrate that her claim was frivolous, just that she lacks understanding of the law on this point. As noted in a prior ruling, Plaintiff's argument that her property was not taken but that she was deprived of a property right assumes a distinction that is inconsequential for purposes of the Fifth Amendment Taking Clause. [*See* Docket No. 157 at 1 n.1.] Furthermore, neither the docket nor Defendants' allegations that Plaintiff provided late notice for depositions, requested large volumes of documents, filed multiple motions to compel, had erratic behavior, refused to cooperate, and had frivolous demands demonstrate that Plaintiff's claims had no reasonable basis in law or fact. Likewise, based on the deposition testimony provided to the Court, Plaintiff's statement that "litigation is cheap," while not particularly appropriate, does not demonstrate that Plaintiff's purpose in bringing the claim was simply to harass Defendants. [*See* Docket No. 167, Ex. C.]

To be sure, the undersigned has had first-hand experience with Plaintiff at many phases

3

of this litigation. The positions she has taken, as well as the manner in which she has attempted to assert them, have not always been well reasoned or even reasonable. But Plaintiff's tenacity should not be confused with frivolity. Rather, Plaintiff's tenacity regarding her property seemingly demonstrates that she believes strongly, even if ultimately incorrectly, that she has been legally wronged. Her passion throughout this case is more indicative of her deep conviction rather than a desire to harass.

Unfortunately, Defendants have most likely incurred more expenses during the course of this litigation because Plaintiff is pro se and possibly also because Plaintiff has demonstrated zealous, and sometimes contentious, behavior. Furthermore, the Court ultimately determined that Defendants were entitled to summary judgment on each of Plaintiff's claims. However, "a weak case does not a frivolous case make," *Roger Whitmore's Auto Servs.,* 424 F.3d at 676, and neither the docket nor the examples provided by Defendants demonstrate that attorney's fees are warranted under 42 U.S.C. § 1988(b). Therefore, the Magistrate Judge recommends that Defendants' motions for attorney's fees [Docket Nos. 165, 167] be DENIED.

Plaintiff also objects to Carmel Defendants' fees for exemplification and copies. She first argues that she has already paid for these copies. Included in Plaintiff's objection is a copy of the invoice Carmel received from Xact, Inc. indicating that Carmel had paid $2,049.19 for copies for this case. Also included is a statement to Plaintiff from Carmel showing how it had calculated Plaintiff's portion of the printing costs, billing her $662.90, together with a copy of the cashier's check Plaintiff provided Carmel in this amount. Thus, Plaintiff need only pay the remaining, $1,386.29, which is the exact amount that Carmel indicated on its bill of costs. [*See* Docket No. 164 at 1.]

4

Plaintiff also argues that defense counsel "should [have] submitted costs of pleadings and for motions and exhibits that relate directly to the successful motion for summary judgment." [Docket No. 173 at ¶ 4.]  But as Plaintiff points out, "'the costs for the copying and collating of [summary judgment] exhibits . . . fall squarely within' the language of 28 U.S.C. § 1920(4)," which is the statute defining the costs that the Court may tax.  [Docket No. 173 at ¶ 4 (quoting *Haroco, Inc. v. Am. Nat'l Bank & Trust of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994)).]  To the extent Plaintiff argues these documents were not necessary for Carmel's success in obtaining summary judgment, Plaintiff has not indicated how.  Carmel has reasonably incurred these costs in its successful effort to obtain summary judgment against Plaintiff.  Therefore, the Magistrate Judge recommends Plaintiff be taxed all costs requested by Defendants (other than attorney's fees), which amount to $3,013.14 to Carmel Defendants and $2,950.83 to Claybridge Defendants.  [*See* Docket Nos. 164, 166.]

**B.    Appeal Bond.**

The Carmel Defendants move to require Plaintiff to file an appeal bond including costs and attorney's fees.  [Docket No. 176 at 3.]  Defendants argue that Plaintiff's claims are frivolous and brought solely to harass Defendants, and that in *Young v. New Process Steel, LP*, 419 F.3d 1201, 1206-08 (11th Cir. 2005), the Eleventh Circuit ruled that an appeal bond made by a plaintiff in a civil rights case could include attorney's fees if attorney's fees were awarded to the defendant as part of costs pursuant to § 1988(b).  [Docket No. 176 ¶ 3-4.]  Therefore, Carmel Defendants conclude that the Court should require Plaintiff to file a $3,000 appeal bond, consisting of $400 for costs and $2,600 for attorney's fees.

Federal Rule of Appellate Procedure 7 provides that in a civil case "the district court may

5

require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal." Whether to require a bond, as well as the amount if a bond is ordered, is a matter wholly within the district court's discretion. 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3953 (3d ed. 1999).

Courts have not uniformly agreed on what constitutes "costs on appeal." The Second, Sixth, Ninth, and Eleventh Circuits have held that "costs on appeal" include all costs as defined by an applicable fee-shifting statute, which if so defined may include attorney's fees. *Azizian v. Federated Dep't Stores, Inc.*, 499 F.3d 950, 958 (9th Cir. 2007); *Young v. New Process Steel, LP*, 419 F.3d 1201, 1206-08 (11th Cir. 2005), *adopting dicta regarding § 1988 discussed in Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1329-30 (11th Cir. 2002); *In re Cardizem CD Antitrust Litigation*, 391 F.3d 812, 817-18 (6th Cir. 2004); *Adsani v. Miller*, 139 F.3d 67, 72 (2d Cir. 1998). Likewise, the First Circuit, without providing a clear interpretation of Rule 7, upheld the amount of a bond set by a district court that included attorney's fees, noting that the amount set by the district court "implied a view that the appeal might be frivolous and that an award of sanctions against plaintiff on appeal was a real possibility." *Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987). However, the Third and D.C. Circuits have determined that "costs" in Rule 7 refer only to those costs available under Federal Rule of Appellate Procedure 39 and not attorney's fees. *Hirschensohn v. Lawyers Title Ins. Corp.*, 38 Fed. R. Serv. 3d (Callaghan) 676, at *3-4 (3d Cir. 1997); *In re Am. President Lines, Inc.*, 779 F.2d 714, 716 (D.C. Cir. 1985)*; see also* 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3953 (3d ed., 1999 & Supp. 2008) (recognizing differing views but concluding that costs under Rule 7 do not include attorney's fees).

The Seventh Circuit has not yet addressed this issue. If it takes the position maintained by the Third and D.C. Circuits, attorney's fees would not be allowed as part of an appeal bond. If it takes the position maintained by the Second, Sixth, Ninth, and Eleventh Circuits, attorney's fees could potentially be allowed if Defendants are able to demonstrate that they are warranted under the applicable statute, in this case under 42 U.S.C. § 1988(b). Without deciding which position the Seventh Circuit might take on this issue, attorney's fees should not be included in an appeal bond in this case. Having determined that attorney's fees are not warranted under the applicable statute 42 U.S.C. § 1988(b), they are likewise not available as part of an appeal bond under either approach.[1] Therefore, the Magistrate Judge recommends that attorney's fees not be included in an appeal bond in this case.

This leaves the question of whether Plaintiff should be required to post an appeal bond for Defendants' anticipated $400 in costs separate from any attorney's fees. As noted above, this is a matter within the Court's discretion. The only argument Defendants raise that an appeal bond should be issued in this case is that Walton's "appeal . . . will be frivolous for the same reason that her claims were frivolous." [Docket No. 176 at 2.] That argument having failed, and Defendants having provided the Court no other reason for determining that a bond or security is "necessary to ensure payment of costs on appeal," Fed. R. App. Proc. 7, the Magistrate Judge recommends that Carmel Defendants' motion for an appeal bond [Docket No. 176] be DENIED.[2]

---

[1] Denying attorney's fees at the trial level does not necessarily mean that attorney's fees are not warranted on appeal. *See Springer v. Durflinger*, 518 F.3d 479, 486 (7th Cir. 2008) (upholding the trial court's denial of attorney's fees while granting attorney's fees for the appeal).

[2] As a result, Plaintiff's motion to strike Defendants' motion for appeal bond [Docket No. 177], which should have been filed as a response or objection to Defendants' motion, should be

### C. Motion to Correct.

Plaintiff moves that the Court correct the record before sending it to the Seventh Circuit. [Docket No. 179.] She explains that she filed a motion to seal an email [Docket No. 84] that the Court denied. [Docket No. 94.] This email was not included in Plaintiff's designation of evidence as part of Docket Number 92, though the email is part of the record at Docket Number 94. Plaintiff requests that it also be included as Exhibit 1 of Docket Number 92. Because the email is already part of the record, it is unnecessary for the Court to correct the record. Therefore, the Magistrate Judge recommends Plaintiff's motion [Docket No. 179] be DENIED.

### III. Conclusion.

For the above reasons, the Magistrate Judge recommends that Carmel Defendants' motion for attorney's fees [Docket No. 165] and Claybridge Defendants' motion for attorney's fees [Docket No. 167] be DENIED. However, the Magistrate Judge recommends that Plaintiff be taxed $3,013.14 as costs to Carmel Defendants and $2,950.83 as costs to Claybridge Defendants. [*See* Docket Nos. 164, 166.] The Magistrate Judge further recommends Carmel Defendants' motion for an appeal bond [Docket No. 176] be DENIED. Consequently, Plaintiff's motion to strike Defendants' motion for appeal bond [Docket No. 177] should be DENIED as moot. Finally, the Magistrate Judge recommends that Plaintiff's motion to correct error [Docket No. 179] be DENIED.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1), and failure to file timely objections within

---

denied as moot.

the ten days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: 06/10/2008

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Deborah Walton
12878 Mayfair Lane
Carmel, IN 46032

Christopher Douglas Cody
HUME SMITH GEDDES GREEN & SIMMONS
ccody@humesmith.com

Audrey Louise Smith
HUME SMITH GEDDES GREEN & SIMMONS
asmith@humesmith.com

James S. Stephenson
STEPHENSON MOROW & SEMLER
jstephenson@stephlaw.com

Wayne E. Uhl
STEPHENSON MOROW & SEMLER
wuhl@stephlaw.com

Andrew P. Wirick
HUME SMITH GEDDES GREEN & SIMMONS
awirick@humesmith.com